UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIKHS FOR JUSTICE; SINGH; and KAUR, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _4/10/2023_ |

SIKHS FOR JUSTICE; SINGH; and KAUR,

                                        Plaintiff,

        -against-                                                    23 Civ. 2578 (AT)

BHAGWANT MANN, BANWARILAL                              **ORDER**
PUROHIT; and GAURAV YADAV,

                                        Defendants.

ANALISA TORRES, District Judge:

       Plaintiffs Singh and Kaur, individuals who are proceeding *pro se* under assumed names, paid the filing fees for this action. Compl. ¶¶ 10, 12, 15, 17, 47, 49, ECF No. 1; First Dkt. Entry 3/27/23. They bring this lawsuit on behalf of Sikhs for Justice ("SFJ"), an advocacy group located in Queens, New York. Compl. ¶¶ 20–22; *id.* at 24. They also bring claims on behalf of similarly situated individuals, as well as themselves. *Id.* ¶ 19; *id.* at 1. The Clerk of Court has issued summonses for the three named Defendants, Indian government officials Bhagwant Mann, Banwarilal Purohit, and Gaurav Yadav. Fifth Dkt. Entry 3/27/23.

       As set forth below: (1) Singh's and Kaur's claims on behalf of SFJ are DISMISSED without prejudice to SFJ retaining counsel; (2) Singh's and Kaur's claims on behalf of other similarly situated individuals are DISMISSED without prejudice to those individuals retaining counsel or Plaintiffs retaining counsel; (3) the Court construes the complaint as including a motion to proceed anonymously, and that motion is GRANTED; and (4) by **May 10, 2023**, Singh and Kaur are directed to inform the Court of the county and state in which they reside by completing the attached declaration.

                                      **BACKGROUND**

       Singh and Kaur filed this putative class action to challenge the Indian Government's treatment of Sikh families in Punjab, India. Compl. ¶¶ 1–9. They bring claims based on their recent personal experiences in India during a visit in March 2023. *Id.* ¶¶ 11, 13. They claim that Indian officials illegally detained them, tortured Singh, and threatened to sexually assault Kaur. *Id.* Both Singh, who is a permanent resident, and Kaur, who is a U.S. citizen, assert that Indian officials informed them that their detention was a result of the political activity of their son, who lives in Chicago, Illinois, and who is a U.S. citizen. *Id.* ¶¶ 10–13. The complaint is brought under the Alien Tort Statute (the "ATS"), 28 U.S.C. § 1350, and the Torture Victim Protection Act of 1991 (the "TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992). Compl. ¶¶ 34–35.

**DISCUSSION**

## I.      Organizations Cannot Proceed Pro Se

Corporations, nonprofit organizations, and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

Singh and Kaur seek to bring claims on behalf of SFJ as individuals proceeding *pro se*. Because they cannot represent SFJ's interests *pro se*, all claims brought on behalf of SFJ are DISMISSED without prejudice to SFJ retaining counsel to represent SFJ in this action.

## II.     Individuals Cannot Represent A Class

As nonlawyers, Singh and Kaur can only represent their own interests, not the interests of class members. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (quotation marks and citation omitted); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Therefore, Singh's and Kaur's claims on behalf of other similarly situated individuals are DISMISSED without prejudice to those individuals retaining counsel or Plaintiffs retaining counsel to assert claims on behalf of a class.

## III.    Proceeding Under a Pseudonym

Plaintiffs did not request permission to proceed under a pseudonym. Given Singh's and Kaur's *pro se* status, however, the Court construes the complaint as including a motion to proceed with assumed names.

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). The requirement to include the names of all parties "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

When determining whether a plaintiff can proceed under a pseudonym, the following non-exhaustive list of factors should be considered:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (cleaned up). "[T]his factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests. . . ." *Id.* at 190. (citation omitted).

Plaintiffs state that they are moving under assumed names because they fear retaliation and provide recent concrete examples of their mistreatment by Indian officials, including illegal detention. *See* Compl. ¶¶ 10, 12, 15, 17, 47, 49. The Court finds, at this stage, that the identification of the individual parties may cause "a risk of retaliatory physical or mental harm to" Plaintiffs. *Sealed Plaintiff*, 537 F.3d at 190. Therefore, Singh's and Kaur's request to proceed under assumed names is GRANTED.

## IV. Venue

Neither the ATS nor the TVPA contain a venue provision. *See Shaoulian-Tehrani v. Khatami*, No. 06 Civ. 6868, 2008 WL 1790386, at *4 (S.D.N.Y. Apr. 21, 2008). Therefore, the general venue statute, 28 U.S.C. § 1391, applies. That statute provides that "[a]n alien may be sued in any district." 28 U.S.C. § 1391(d). "As a practical matter, then, 'a noncitizen alien, whether a resident alien or nonresident alien, can be sued in any district in which the alien can be served with process.'" *Shaoulian-Tehrani*, 2008 WL 1790386, at *4 (quoting 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3810, at 282 (3d ed. 2007)).

Moreover, some district courts, when considering whether a district is a proper venue for an ATS and TVPA lawsuit, "look to the place where the underlying actions occurred and where a plaintiff's harms were felt." *Mensah-Yawson v. Raden*, 170 F. Supp. 3d 222, 234 (D.D.C. 2016).

Singh and Kaur did not include their residences in the complaint.  They included only an address for SFJ.  Although it is too early in the litigation to address whether venue is proper here, as Defendants have not been served or appeared, the Court may need to assess this issue in the future.  Accordingly, by **May 10, 2023**, Singh and Kaur shall inform the Court of the county and state in which they reside by completing the attached declaration.

### V.      New York Legal Assistance Group

Singh and Kaur may consider contacting the New York Legal Assistance Group's Clinic for Pro Se Litigants in the Southern District of New York (the "Clinic"), which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court.  The Clinic is run by a private organization; it is not part of, or run by, the Court.  It cannot accept filings on behalf of the Court, which must still be made by any *pro se* party through the Pro Se Intake Unit.  A copy of the flyer with details of the Clinic is attached to this order.

### CONCLUSION

The claims brought on behalf of SFJ are DISMISSED without prejudice to SFJ retaining counsel.  The claims brought on behalf of other similarly situated individuals are DISMISSED without prejudice to those individuals retaining counsel or Plaintiffs retaining counsel to assert claims on behalf of a class.  The Court construes the complaint as including a motion to proceed anonymously, and that motion is GRANTED.  By **May 10, 2023**, Singh and Kaur shall inform the Court of the county and state in which they reside by completing the attached declaration.

SO ORDERED.

Dated: April 10, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

5

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                              Signature

Name                                            Prison Identification # (if incarcerated)

Address                          City           State        Zip Code

Telephone Number (if available)                 E-mail Address (if available)

Page 2

 Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

      Room LL22
      40 Foley Square
      New York, NY 10007
      (212) 659 6190

      Open weekdays
      10 a.m. – 4 p.m.
      Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

 a beneficiary of