```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/7/2023  
```

SIKHS FOR JUSTICE; SINGH; and KAUR,

            Plaintiff,

-against-

BHAGWANT MANN, BANWARILAL PUROHIT; and GAURAV YADAV,

            Defendants.

23 Civ. 2578 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On March 27, 2023, Plaintiffs Sikhs for Justice, Singh, and Kaur filed this action against Defendant Bhagwant Mann, Banwarilal Purohit, and Gaurav Yadav. ECF No. 1. On April 10, 2023, the Court directed Plaintiffs Singh and Kaur to inform the Court of their county and state of residence by May 10, 2023, so that the Court could determine whether it has jurisdiction over this action. ECF No. 4. Plaintiffs did not provide this information to the Court. On May 22, 2023, the Court directed Plaintiffs to identify their county and state of residence by June 5, 2023, and warned Plaintiffs that failure to do so would result in dismissal under Federal Rule of Civil Procedure 41(b). ECF No. 5. Again, Plaintiffs did not provide this information. On June 7, 2023, the Court directed Plaintiffs to identify their county and state of residence by July 5, 2023, and warned Plaintiffs that failure to do so would result in dismissal under Rule 41(b). ECF No. 6. Plaintiffs have yet to provide this information to the Court and have not filed any other communication with the Court. Defendants have not appeared in this action.

    Under Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In evaluating whether dismissal is appropriate, courts should consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Dismissal is the "harshest of sanctions," and a court must provide adequate notice prior to dismissal and an explanation of its reasoning upon dismissal. *Id.* at 216–17 (citation and quotation marks omitted).

    The Court finds that the majority of the factors weigh in favor of dismissal of this case. First, for over three months, Plaintiffs have repeatedly failed to comply with the Court's orders.

*See Holcombe v. Skupien*, 14 Civ. 1448, 2014 WL 6879077, at *2 (S.D.N.Y. Dec. 5, 2014) ("[C]ourts have deemed delays of three months and less sufficient to warrant dismissal." (citations omitted)).  Second, the Court has twice informed Plaintiffs in writing that their failure to comply with the Court's orders will result in a dismissal under Rule 41(b).  *See* ECF Nos. 5–6.  As to the third factor, because Defendants have not appeared, there is no prejudice to them.  Fourth, on balance, the Court's interest in managing its docket outweighs Plaintiffs' opportunity to be heard because the Court continues to expend resources instructing Plaintiffs while Plaintiffs fail to prosecute their case.  *See St. Prix v. Sirus XM Satellite Radio*, 11 Civ. 1506, 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014) ("[F]airness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may warrant a dismissal under Rule 41(b)." (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980))).  Finally, the Court has considered other sanctions but finds that dismissal without prejudice is the most appropriate.  If Plaintiffs decide to pursue their claims against Defendants, they may do so in a new lawsuit.

Accordingly, Plaintiffs' complaint is DISMISSED without prejudice.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 7, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge